**Rudolph. Van Hessen, Defendant in Error, v. Joseph Defrier et al., Plaintiffs in Error.**

**Gen. No. 17,268.**

1. LANDLORD AND TENANT—*when subletting without consent not controlling in action to terminate lease.* In forcible detainer to recover possession of leased premises on the ground that use thereof as a house of prostitution was permitted by the tenants, it is of no consequence whether the one in possession is a sublessee or a partner of a sublessee except in determining an issue concerning the alleged subletting of the premises without the landlord's consent, and such issue is not controlling.

2. APPEALS AND ERRORS—*instructions.* In forcible detainer defendant is precluded on appeal from asserting that an instruction as to the degree of proof necessary to a recovery was erroneous where he presented a request for an instruction on such point, and was informed that a like instruction had been practically given.

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding, Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed March 26, 1913. Rehearing denied April 24, 1913.

WILLIAM L. MARTIN, for plaintiffs in error.

O'DONNELL, DILLON & TOOLEN, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

In an action of forcible detainer, instituted in the Municipal Court by defendant in error against plaintiffs in error, the jury returned a verdict finding plaintiffs in error guilty of unlawfully withholding from defendant in error the possession of the premises described in the complaint and that the right to the possession of said premises was in defendant in error, and judgment was entered upon such verdict.

On March 1, 1906, defendant in error leased the premises known as No. 9170 Harbor avenue in the city of Chicago to one Gust. Anderson, for a term ending April 13, 1912, and with the consent of defendant in error said Anderson sublet said premises to plaintiff in error, Joseph Defrier, who entered into possession of the same and conducted, among other things, a saloon there. On October 6, 1910, Defrier appears to have contracted to sell or to have sold his property in the premises and the good will of his business to plaintiff in error, Peter Fekete, who, with his wife, plaintiff in error, Anna Fekete entered into possession of the premises, without the written consent of defendant in error. The lease was sought to be terminated and possession of the premises recovered upon the ground that the same had been used and permitted to be used by plaintiffs in error as a "Bawdy house or house of prostitution."

The brief and argument filed on behalf of plaintiffs

in error wholly fails to comply with the rules of this court, and in some particulars it is unintelligible. The judgment might well be affirmed for failure to file a proper brief and argument, but we have concluded to attempt a review of the record, notwithstanding such failure.

It is urged that there is no competent proof of service of notice to quit or demand for possession upon plaintiff in error, Defrier, as required by statute. There is evidence tending to show, and the jury were warranted in finding, that a formal and timely notice in writing was delivered to Defrier, and such notice delivered to him was introduced in evidence. How the notice again came into the possession of defendant in error does not appear. There is also proof tending to show that the notice was prepared in duplicate, and that the copy which was actually served upon Defrier was signed by defendant in error. The service was sufficient and formal.

It would serve no useful purpose to recite the evidence tending to show that the premises were used for the unlawful purpose charged. It is sufficient to prove the fact charged beyond reasonable question.

Whether the premises were sublet by Defrier to Fekete, or whether the latter entered into possession as a partner of Defrier, is of no consequence in determining any issue, save that involved in the alleged subletting of the premises without the written consent of defendant in error. This issue was not controlling and demands no consideration.

No recovery of rent was sought, and the right of defendant in error to recover rent after terminating the lease by notice to quit is not involved.

It is said: "As to keeping a bawdy house or house of ill fame, the defendants were entitled to a reasonable doubt." The record discloses that counsel for defendants (the plaintiffs in error) requested the court to instruct the jury "that the plaintiff in order to

CHICAGO—FIRST DISTRICT—MARCH, 1913.     473

Agnil Light Co. v. National Stamping Elec. Wks., 178 Ill. App. 473.

prove his issues in this case must prove his issues by a preponderance of the evidence, as testified or given from the witness stand." The court informed counsel that a like instruction had been practically given. Counsel is precluded from now asserting that the instruction relative to the degree of proof necessary was erroneous.

There is no prejudicial error in the record and the judgment is affirmed.